## Jacksonville Ry. Co. v. Lafayette Lamb.

1. STREET RAILWAYS—*Duty of Motormen.*—Great care should be exercised by motormen operating electric cars along the thoroughfares of a city, especially at street crossings, where danger of collision with vehicles is enhanced by corner buildings partially obstructing the view.

**Action for Personal Injuries.**—Appeal from the Circuit Court of Morgan County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

EDWARD P. KIRBY, attorney for appellant.

J. O. PRIEST and GEORGE L. MERRILL, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $220, recovered by appellee for damages sustained by him in the collision of one of appellant's cars with appellee's horse and buggy,

while he was driving across appellant's railway track in the city of Jacksonville.

Appellant is a corporation operating a street railway by electric power in the city of Jacksonville. It has a track running east and west on East State street, at a point of that street where it is intersected by a street from the south, called Clay avenue. On the 2d of November, 1896, appellee, an old man, was driving north in a top buggy on Clay avenue. It was raining and the roads were muddy and slippery. The railroad tracks were also slippery. Appellee was driving in a slow trot. While crossing the track he was struck by a car with such force that his buggy was carried or pushed along the track some twenty feet. His horse was crippled; his buggy was partially demolished, and he sustained serious injury to his person.

Appellant insists that appellee drove upon the railroad track carelessly and without proper regard for his own safety, and that the motorman operating the car was guilty of no negligence at the time of the collision. Appellee testified that just before he reached the track he looked out for a car but saw none; that he heard no bell ringing and that the first knowledge he had of a car being near him, was when it struck his horse and buggy. The motorman testified that he saw appellee's horse and buggy when fifty feet away; that he first endeavored to stop his car, but could not do so owing to the slippery condition of the track; that he thought as he approached nearer to appellee that the latter would stop or turn east, whereupon he increased the speed of the car by throwing on more power. The motorman miscalculated the intention of appellee to stop, and, as we see it from the evidence, the collision was due to that fact.

Great care should be exercised by motormen operating electric cars along the thoroughfares of a city, especially at street crossings, where danger of collisions with vehicles is enhanced by corner buildings partially obstructing the view. Buggies and wagons have an equal right with electric cars to the street. The introduction of electric cars as

a mode of conveyance upon the streets of our cities has, by reason of the great speed with which the cars are operated, greatly augmented the dangers to the public in its use of the streets.

It was not error to give to the jury the first instruction asked by appellee. It is evident that the car was moving at a rapid rate of speed when it collided with appellee, else it would not have carried his buggy the distance it did before it could be stopped.

Instead of regarding the damages as excessive, we look upon them as very moderate. There is no sufficient reason for reversing the judgment. Judgment affirmed.